IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO. 5:15-CV-200-FL

| | | |
|---|---|---|
| CARL TUTOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **STIPULATED CONSENT** |
| | ) | **PROTECTIVE ORDER** |
| TOWN OF FUQUAY-VARINA, | ) | |
| a municipal corporation, | ) | |
| | ) | |
| Defendant. | ) | |

The parties jointly move the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for entry of a Stipulated Consent Protective Order to expedite the flow of discovery materials, facilitate the prompt resolution of discovery disputes and disputes concerning confidentiality, protect certain materials designated as confidential ("Confidential Materials"), and ensure that protection is afforded only to material so designated. Specifically in this case, Plaintiff Carl Tutor ("Plaintiff") is a former employee of the Defendant Town of Fuquay-Varina (the "Town"). Plaintiff has brought suit alleging that he has been denied certain benefits. Accordingly, the parties anticipate that the Town will need to produce certain confidential personnel information which is protected from disclosure pursuant to N.C. Gen. Stat. § 160A-168 and which may be disclosed only upon court order. Accordingly, the Parties seek an order of protection in compliance with the statute.

IT IS HEREBY ORDERED THAT:

1. **General Scope of the Agreement**. This Stipulated Consent Protective Order shall govern certain information, documents and other materials produced in response to any discovery request or other request for information by Plaintiff and Defendant in this action, all

information contained therein, and all copies, excerpts or summaries thereof, specifically including, but not limited to, answers to requests for admissions, answers to interrogatories, responses to requests for production of documents and documents produced in accordance therewith, documents subpoenaed in connection with depositions, deposition testimony, and any deposition transcript or portion thereof as to which protection is sought in accordance with this Order.

2. The following documents and/or information may be designated as "Confidential" pursuant to this Order:

a) <u>Personnel Information:</u> defined as information which is prohibited from disclosure by N.C. General Statute § 160A-168, as well as other applicable law, and includes information that concerns or relates to an individual's application, promotion, demotion, performance evaluations and forms, disciplinary actions, and termination. This information may be located in the following documents or materials, among others: (1) personnel files, (2) evaluations, (3) audio or video recordings, (4) internal or external investigation materials and reports, (5) electronic and written communications, and (6) any other similar documents.

3. **<u>Designation as Confidential; Good Faith Requirement.</u>** Any party producing or furnishing information of any nature to another party, to the Court, or at a deposition in connection with this litigation may designate information as "Confidential," in accordance with the procedures set forth herein. Such information could include a document or part thereof, an interrogatory answer, response to a request for admission, deposition testimony, excerpts and summaries of such information, or other materials as set forth in Paragraph 2 of this Agreement.

Such designation shall be made at the time the information is produced or furnished, or at a later time as provided herein.

No party may designate information as "Confidential" without first determining in good faith that the information may be so designated as provided in this Order and as contemplated by Rule 26(c) of the Federal Rules of Civil Procedure.

4. **<u>Procedure for Designating Information as Confidential.</u>** Parties may designate Information as "Confidential" in the following manner:

   a) In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "Confidential" by stamp or other method which will make the word conspicuous;

   b) In the case of answers to interrogatories, designation shall be made by placing the word "Confidential" adjacent to or at the end of any answer deemed to contain confidential information. Alternatively, answers deemed to contain confidential information may be bound separately and marked with the word "Confidential;"

   c) In the case of depositions or other pretrial testimony in this action by parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that confidential material is about to be or has been disclosed. Unless the parties intend to designate all of the information contained within a particular document or deposition testimony as confidential material, counsel for that party should indicate in a clear fashion the portion of the document or testimony which is intended to be designated as confidential.

5. **<u>Restricted Use of Confidential Information</u>**. The use of Confidential Information will be restricted as specifically indicated below:

3

a) Documents/information designated as "Confidential" pursuant to Paragraphs 2 through 4 of this Order shall be used solely for the purposes of this action and shall <u>not</u> be disclosed to any person except the following individuals:

(i) the Court (including the Clerk's office, stenographic reporters, videographers, and any special master or mediator appointed by the Court, engaged in such proceedings as are necessary to the preparation for trial and trial of this action);

(ii) counsel for the parties, their staff members, and their professional and para-professional employees;

(iii) any experts or service contractors (i.e., court reporters or outside photocopying or imaging services) associated by the parties regarding this action;

(iv) the parties to this litigation;

(v) deponents, who may be shown Confidential Information in preparation for their deposition and during their deposition, but shall not be permitted to keep copies of said Confidential Information nor any portion of the deposition transcript reflecting the Confidential Information; or

(v) by mutual consent of the parties.

6. Documents produced pursuant to this Order shall not be used for any purpose other than evidence in this litigation and may not be disclosed under any circumstances to anyone not connected with this action as a party, witness, attorney or an attorney's immediate staff person, mediator or Court personnel.

4

7. **Acknowledgment of Agreement**. All persons to whom Confidential Information is disclosed pursuant to Paragraph 5 of this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to insure that persons authorized to receive Confidential Material pursuant to Paragraph 5 of this Order have knowledge of the terms of this Order and agree to be bound by them. Any person other than the Parties; counsel of record and their employees; the Court and its personnel; any mediator agreed to by the Parties or appointed by the Court; and Court reporters must execute the form attached hereto as Exhibit A prior to the disclosure of Confidential Materials. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

8. **Inadvertent Disclosure**. In the event a party inadvertently produces materials which should have been, but were not, marked "Confidential," the party may designate such materials as "Confidential" by notifying counsel of the error and producing the documents again, with the "Confidential" designation, within twenty (20) days of discovery of the inadvertent production. The parties will then treat these documents as they had been marked "Confidential" when they were first produced.

9. **Use of Confidential Materials in this Case**. Nothing in this Agreement shall prevent or impair the use by a party of Confidential Materials as set forth this Agreement in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court at any deposition, hearing, conference, or trial before the Court so long as confidentiality of such information is protected as provided herein.

10. **Challenging Confidentiality**. Acceptance by a party of any information, document, or thing identified as "Confidential" pursuant to this Order shall not constitute a concession that the information, document, or thing is confidential material. Counsel for the

5

parties shall serve written notice of any objections to specific designations upon the other party within twenty (20) days of receipt of such information, documents, or things. Counsel shall first attempt to resolve any disputes of confidentiality between themselves. If Counsel are unable to agree on any such issue, counsel seeking protection of a document must bring the issue before the Court within twenty (20) days of receipt of any written notice of any objections. No disclosure of such information shall occur pending resolution of any dispute under this paragraph.

11. **Right to Object**. Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any part to object to discovery on other grounds. Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown. All parties retain the right to apply to the Court for an order affording additional protection to confidential material as the circumstances may warrant. Nothing contained herein shall prevent a party from seeking modification to this Order.

12. **Disclosure**.

a) Nothing contained herein shall prevent a party from disclosing, revealing or using any documents, materials or other information which is already lawfully in the possession of that party or which that party lawfully obtains from any source other than the opposing party, and this Order shall not otherwise apply to such documents, material or other information, except that either party may designate as Confidential any medical records received in discovery in this matter.

b) Nothing in this document shall prevent any party from producing any document or information in his, her, or its possession in response to a lawful subpoena or other compulsory process, provided that notice shall be given to the other party prior to

6

the date that the party subpoenaed is required to respond to the subpoena or other compulsory process in which materials designated confidential are sought.

13. All recipients of documents from the Town that are governed by this Protective Order shall keep those documents secure at all times and shall take whatever steps are necessary to prevent inadvertent disclosure.

14. Unless the parties stipulate otherwise in writing, any document covered by this Protective Order and submitted to the Court shall be submitted under seal. Any portion of a transcript in connection with this action containing any information governed by this Order shall be bound separately and filed under seal. A party may designate such portions of the transcript by a statement to that effect on the record by counsel for either side during or before the close of the deposition or hearing, or in writing within thirty (30) days of the designating party's receipt of any transcript thereof. When any materials governed by this Order are included in an authorized transcript of a proceeding or exhibits thereto, arrangements shall be made with the court reporter recording the proceeding to bind such confidential portions and separately label them: "CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER."

15. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why

7

alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

16. Before ruling on any motion to seal the court will give the public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons present in courtroom proceedings of the motion. The court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information at issue.

17. **Return of Confidential Information**. All confidential material either shall be returned to the producing party or destroyed within ninety (90) days of the conclusion of this civil lawsuit, including conclusion of any appeal, at the option of the disclosing party.

18. **Modification of the Agreement**. In the event of further proceedings in this action, if any of the parties hereto believe that this Agreement unreasonably impedes discovery to a party or the use of information discovered from a party for purposes of this litigation, or provides insufficient protection regarding discovery materials produced by a party, such party may serve notice upon the parties and request the Court modify this Agreement.

19. **Protection of Copies**. All copies, extracts or summaries prepared from Confidential Materials produced hereunder shall be subject to the same terms of this Agreement

as the Confidential Materials from which such copies, extracts, or summaries were prepared, if properly designated.

20. **Notices**.  Notice required under this Order shall be in writing and provided to the attorneys for the parties listed below.  Notice to the parties shall be adequate if given solely to the parties' counsel of record.

21. **Effective Date**.  This Agreement shall be effectively immediately and shall survive the conclusion of this lawsuit.

This the 10th day of September, 2015.

*/s/ Louis W. Flanagan*
United States District Court Judge

AGREED this the 10th day of September, 2015.

| | |
|---|---|
| GRAEBE HANNA & SULLIVAN, PLLC | JACKSON LEWIS P.C. |
| */s/ Christopher T. Graebe* | */s/ Ann H. Smith* |
| Christopher T. Graebe | Ann H. Smith |
| N.C. State Bar No. 24554 | N.C. State Bar No. 23090 |
| *Attorney for Plaintiff* | *Attorney for Def. Town of Fuquay-Varina* |
| 4350 Lassiter at North Hills Avenue, Suite 375 | 3737 Glenwood Avenue, Suite 450 |
| Raleigh, North Carolina 27609 | Raleigh, NC 27612 |
| Telephone: (919) 863-9092 | Telephone: (919) 760-6460 |
| Facsimile: (919) 863-9095 | Facsimile: (919) 760-6461 |
| Email: cgraebe@ghslawfirm.com | Email: ann.smith@jacksonlewis.com |

# EXHIBIT A

## UNDERTAKEN TO BE BOUND

I, _____, declare as follows:

I acknowledge receipt of a copy of the Stipulated Consent Protective Order which is dated _____, 2015, in *Carl Tutor v. Town of Fuquay-Varina*, which case is pending in the United States District Court For the Eastern District of North Carolina, Case No. *5:15-CV-200-FL*, and agree that I:

(1) understand the terms thereof, and agree to comply with and be bound by its provisions with respect to any information provided to me under the terms of this Stipulated Consent Protective Order;

(2) will not reveal any information provided to me under the terms of this Stipulated Consent Protective Order to anyone other than such persons designated in Paragraphs 5 and 6 of this Order; and

(3) will utilize such confidential information solely for the purposes of this litigation.

I further understand that if I fail to comply with the terms of the Consent Protective Order, I may be subject to sanctions by the Court, and I consent to the jurisdiction of the above-referenced Court for such purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: _____, 2015

SIGNATURE _____

PRINTED NAME _____